IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | 2:04-CR-0039 (03) |
| § | |
| LaQUANZA ETHERIDGE § | |

### REPORT AND RECOMMENDATION TO DENY MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Defendant LaQUANZA ETHERIDGE has filed with this Court a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons hereinafter expressed, the undersigned Magistrate Judge is of the opinion defendant's motion is without merit and should be DENIED.

I.
PROCEDURAL HISTORY

On August 16, 2004, defendant pled guilty, pursuant to a plea agreement, to a superseding indictment alleging conspiracy "to distribute and possess with intent to distribute approximately 17.744 kilograms of a mixture and substance containing a detectable amount of phencyclidine (PCP) in violation of 21 U.S.C. § 846 (21 U.S.C. § 841(a)(1)). In the plea agreement, defendant acknowledged the minimum punishment for the conspiracy offense was 10 years with the maximum punishment being life imprisonment. In the Presentence Investigation Report (PSR), the conspiracy to which defendant admitted guilt was found to have involved 17.744 kilograms of a mixture containing PCP which, when analyzed for purity, amounted to 326 grams of pure PCP, a Schedule III controlled substance. At the sentencing hearing held October 13, 2004, the United States District Judge determined, based upon the PSR and a motion filed by the government, that defendant's appropriate

guideline range was 87-108 months. The District Judge sentenced defendant to 87 months imprisonment and a five-year term of supervised release, and ordered a mandatory special assessment of $100. Petitioner did not directly appeal her conviction or sentence.

On October 11, 2005, defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 alleging violations of her right to due process under the 5th Amendment and right to trial by jury under the 6th Amendment, and ineffective assistance of counsel. Specifically, defendant argues that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), her "level should be substantially lower than what it currently is" because the facts supporting defendant's sentence were not found by a jury. Defendant also contends counsel's failure to object to her sentence on the basis of a violation of her 6th Amendment right to a jury trial resulted in a denial of effective assistance of counsel. Defendant also appears to rely on *United States v. Booker*, ___ U.S.___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which extended *Blakely* to the United States Sentencing Guidelines.

The government has not been ordered to file a response to defendant's motion.

## II.
## MERITS OF CLAIMS

### *Apprendi* and *Blakely*

Defendant appears to argue her October 13, 2004 sentence violates the Constitution pursuant to the United States Supreme Court's holding in *Apprendi*. In *Apprendi*, the Supreme Court held the Constitution requires that any fact which increases the penalty for a crime *beyond the prescribed statutory maximum*, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2362-2363. In this case, defendant does not identify which "fact" she contends should have been submitted to a jury, or how the Court's finding of such "fact" increased her penalty beyond the statutory maximum sentence for the offense,

nor does she contend she was not indicted for, and pled guilty to, an offense involving a specific quantity of a mixture of PCP.

In the instant case, defendant was sentenced using a base offense level of 36 for the 17.744 kilograms of a mixture of PCP involved in the conspiracy for which she was indicted and to which she entered a guilty plea. Defendant was credited with a 2 level decrease for meeting the criteria for the specific offense characteristic, and a 3 level decrease for acceptance of responsibility, resulting in a total offense level of 31. As she had no criminal history, defendant's guideline range of imprisonment was 108 to 135 months imprisonment. Upon the United States District Judge granting a motion by the government, defendant was attributed with a total offense level of 29 which carried a guideline range of punishment of 87 to 108 months. Defendant was sentenced to 87 months, the bottom of the guideline range.

*Apprendi* is applicable only to cases where the penalty for the crime *exceeded the prescribed statutory maximum* due to facts other than a prior conviction. The statutes found in the United States Code govern the maximum, as well as minimum, sentence for each criminal offense. Here, defendant pleaded guilty to and was convicted of conspiracy to possess with intent to distribute 17.744 kilograms of a mixture containing PCP in violation of 21 U.S.C. 846 (21 U.S.C. § 841(a)(1)). Pursuant to 21 U.S.C. § 841(b)((1)(A)(iv), the range of punishment for a violation involving 100 grams or more of pure PCP or 1 kilogram or more of a mixture or substance containing PCP, is a term of imprisonment from ten (10) years to life. The trial court assessed defendant's punishment at 87 months, a length which is clearly *under the statutory maximum* of life imprisonment.[1] *Apprendi* is not applicable to this case and no *Apprendi* issue is presented.

Defendant also appears to argue that her statutory maximum should have been based upon the

---

[1] The 87-month sentence assessed is even below the 10-year *minimum* sentence mandated by the statute.

finding that the conspiracy involved 326 grams of pure PCP, instead of the finding that the conspiracy involved 17.744 kilograms of a mixture or substance containing PCP. The statutory range of punishment, however, would not have changed if it had been based on the 326 grams amount because 21 U.S.C. § 841(b)(1)(A)(iv) also sets a term of imprisonment from ten (10) years to life for violations involving 100 grams or more of pure PCP and the 326 grams amount clearly fell within that description. This claim is without merit. To the extent, if any, defendant claims her base offense level under the Guidelines should have been based on 326 grams of pure PCP rather than the 17.744 kilograms of a mixture containing PCP, her claim is also without merit. Although the base offense level for 326 grams of pure PCP is a level 34, §2D1.1(a) requires that the greatest base offense level be applied. In this case, a base offense level of 36 for at least 10 KG but less than 30 KG of a mixture containing PCP is applicable. This claim is also without merit.

Defendant also argues her sentence is in violation of the holding in *Blakely v. Washington.* In *Blakely*, the defendant pled guilty to an offense which carried a "standard range" of 49-53 months imprisonment. The state's sentencing procedure, however, allowed a state judge to impose a sentence *above the offense's maximum punishment* upon the judge finding aggravating factors that justified such an upward departure. The state judge in *Blakely* determined such factors existed in and sentenced the defendant to more than three (3) years *above the maximum sentence* established by the standard range. The Court found the facts supporting the state judge's finding were neither admitted by petitioner nor found by a jury. Noting the jury's verdict alone did not authorize the sentence, the Supreme Court found the state's sentencing procedure did not comply with the Sixth Amendment right to trial by jury.

Here, defendant's sentence did not exceed the maximum guideline range of punishment of 108 months or the statutory maximum sentence of life imprisonment authorized for an offense of conspiracy to possess with intent to distribute 100 grams or more of pure PCP or 1 kilogram or more

of a mixture or substance containing PCP. Nor did the District Judge make any additional determination of facts beyond those to which defendant admitted guilt. In her plea, defendant specifically admitted the quantity of PCP alleged in the indictment which proved the amount beyond a reasonable doubt. Defendant's claim is without merit.

### *Booker*

Defendant also appears to allege the District Judge's application of the Guidelines in determining her October 13, 2004 sentence violated her 6th Amendment rights based upon the United States Supreme Court's January 12, 2005 decision in *United States v. Booker*. In *Booker*, the Supreme Court extended the rules announced in the prior decisions of *Apprendi* and *Blakely* to the federal Sentencing Guidelines. Specifically, *Booker* held that any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict, must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

The Fifth Circuit recently held, however, that *Booker* does not apply retroactively on collateral review to an initial 28 U.S.C. § 2255 motion. *United States v. Gentry*, ___ F.3d___, 2005 WL 3317891 (5th Cir. December 8, 2005). Here, defendant's conviction became final on October 25, 2004, upon the expiration of the time in which to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i). Consequently, defendant's conviction became final <u>before</u> *Booker* was decided. *Booker* would have to be given retroactive effect in order for it to be applied to defendant's case. Therefore, defendant's claim that her sentence, assessed under the federal Sentencing Guidelines, is unconstitutional based upon *Booker* and, thus, should be vacated, is foreclosed. Such a claim is not cognizable in a section 2255 action.


## Ineffective Assistance of Counsel

Defendant contends trial counsel was ineffective for failing to object to the assessed sentence on the grounds that such sentence violated *Apprendi* and *Blakely*. As noted above, defendant's sentence is not improper under the cited case law. Moreover, at the time defendant was sentenced, the law of this circuit held that *Blakely* did not extend, or apply, to the federal Sentencing Guidelines. *United States v. Pineiro*, 377 F.3d 464, 473 (5th Cir. 2004). *See also United States v. Owen*, 2004 WL 1982394, *1 (5th Cir. Sept. 7, 2004); *United States v. Cuellar,* 2004 WL 1854504, *1 (5th Cir. Aug. 18, 2004). Consequently, any claim made by counsel that defendant's sentence, assessed under the federal Sentencing Guidelines, was unconstitutional based upon *Blakely* would have been foreclosed by binding precedent. Counsel's performance cannot be held deficient for failing to raise frivolous objections and/or present frivolous arguments. Defendant cannot show counsel was deficient in his failure to raise objections to the sentence under the above-cited case law, nor can she show she was prejudiced by defense counsel's failure to challenge the same, so as to establish she was denied effective assistance of counsel.

Furthermore, as noted above, at the time defendant was sentenced, *Booker* had not yet been determined. Consequently, counsel cannot be shown to be deficient to raise any *Booker*-type objection at sentencing. Nor can defendant show counsel was deficient for failing to initiate an appeal and raise an allegation of error based on *Booker* or the theory in *Booker*. Specifically, defendant cannot show any such argument on appeal would have been successful in securing a reversal of her sentence. To establish ineffective assistance of counsel, a defendant must show she was prejudiced by counsel's actions, as well as counsel's deficient performance. Here, defendant can show neither. This claim is without merit.

III.
RECOMMENDATION

Based upon all of the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant LaQUANZA ETHERIDGE be, in all things, DENIED.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of December 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written

objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).